1
2
3
4                    **UNITED STATES DISTRICT COURT**
5                           **DISTRICT OF NEVADA**
6
7  WILLIAM WEIR,                              )
                                              )
8             Plaintiff,                      )   Case No. 2:12-cv-00746-MMD-VCF
                                              )
9  vs.                                        )   ORDER DISCHARGING IN PART
                                              )   ORDER TO SHOW CAUSE AND
10 FORMAN AUTOMOTIVE GROUP,                   )   IMPOSING SANCTIONS ON
                                              )   MARSHA L. STEPHENSON
11            Defendant.                      )
                                              )
12

13         On January 18, 2013, this Court scheduled an Early Neutral Evaluation ("ENE") session and
14 ordered that the parties comply with certain requirements with respect to that ENE session. Docket
15 No. 10 ("ENE Order"). On February 15, 2013, the Court held the ENE session as scheduled.
16 Docket No. 12. On February 19, 2013, the Court ordered Defendant Forman Automotive Group and
17 its counsel Marsha L. Stephenson to show cause why they should not be sanctioned pursuant to
18 Federal Rule of Civil Procedure 16(f), the Court's inherent authority, and/or Local Rule IA 4-1 on
19 the basis of, *inter alia*, their failure to comply with the Court's ENE Order. Docket No. 13. The
20 Court has now received a response from Defendant and Ms. Stephenson, Docket No. 14, which the
21 Court has reviewed.
22         For the reasons discussed below, the Court hereby **DISCHARGES** the order to show cause
23 as to Defendant Forman Automotive Group and **SANCTIONS** Ms. Stephenson personally, pursuant
24 to Fed. R. Civ. P. Rule 16(f), in the amount of Plaintiff's reasonable costs and attorney's fees
25 incurred in preparing for and attending the ENE session. Within seven days hereof, Plaintiff shall
26 submit a declaration outlining such fees and costs.
27 //
28 //

## I.     **STANDARDS**

Parties are required to follow this Court's orders. *See, e.g.*, Fed. R. Civ. P., Rule 16(f).[1] Rule 16(f) requires parties to comply with pretrial orders and provides that a judge may order appropriate sanctions, as outlined in Rule 37(b)(2)(A)(ii)-(vii), for non-compliance. The sanctions can be severe in nature, including the terminating sanction of entry of default judgment against a defendant. *See* Rule 37(b)(2)(A)(vi). The Court has discretion to forego imposing the sanctions outlined in Rule 37(b)(2)(A) and instead impose only the reasonable expenses (including attorney's fees) incurred due to the noncompliance with the Court's order. *See* Rule 16(f)(2). Such sanctions are inappropriate where the noncompliance was substantially justified or other circumstances make an award of expenses unjust. *See id.* Whether the party and/or its counsel disobeyed the court order intentionally is impertinent; sanctions may be imposed when the parties and their counsel disobey a court order. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001) (sanctions may be imposed when disobedience of a settlement conference order is intentional or unintentional).

Court orders regarding court-mandated settlement conferences constitute pretrial orders for which failure to comply may result in imposition of sanctions under Rule 16(f). *See, e.g., Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 483 (D.Ariz. 2003), *amended on review on other grounds*, 2003 WL 23353478 (D. Ariz. 2003). Indeed, the Ninth Circuit has upheld repeatedly sanctions imposed for failing to comply with orders regarding settlement conferences. *See, e.g.*, *Lucas Auto.*, 275 F.3d at 769 (affirming sanctions for failure to attend mediation with appropriate representative); *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1396 (9th Cir. 1993) (affirming sanctions for failure to comply with order to have representative with settlement authority available by telephone during settlement conference); *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990) (affirming sanctions for attorney who failed to appear at scheduled settlement conference).

//

//

---

[1] References to "Rules" hereafter refer to the Federal Rules of Civil Procedure.

## II.  FACTUAL OVERVIEW

ENE sessions provide an important vehicle for the parties to attempt to resolve their disputes. This Court expends significant time preparing for and conducting them, and takes them very seriously. As with settlement conferences, ENE sessions are not meaningful absent attendance by those with settlement authority. To that end, the Court's ENE Order provides in relevant part that:

> In the case of non-individual parties, counsel shall arrange for a representative with binding authority to settle this matter up to the full amount of the claim to be present for the duration of the ENE session.
>
> If any party is subject to coverage by an insurance carrier, then a representative of the insurance carrier with authority to settle this matter up to the full amount of the claim must also be present for the duration of the ENE session.
>
> **A request for an exception to the above attendance requirements must be filed and served on all parties at least fourteen (14) days prior to the ENE session. Counsel of record, individual parties, and a fully-authorized representative shall appear in person unless the court enters an order granting a request for exception.**

Docket No. 10 at 1 (emphasis in original). The Local Rules echo these requirements, requiring that "the parties with authority to settle the case and their counsel shall attend the early neutral session in person." Local Rule 16-6(e).

Defendant and Ms. Stephenson failed to comply with the requirements outlined above. In particular, they appeared at the ENE session without a representative from Defendant's insurance carrier.[2]

Defendant and Ms. Stephenson engaged in only a few minutes of discussion. Ms. Stephenson then indicated that she did not want move forward with the ENE session because she simply did not believe the ENE session would be successful.

## III.  ANALYSIS

When it became clear during the ENE session that Defendant is subject to coverage by an insurance carrier, the Court inquired why no representative from the insurance carrier was present. Ms. Stephenson stated that she did not believe such a representative needed to appear, but did not

---

[2] The Court notes further that Defendant's written evaluation statement failed to identify an insurer representative as required by the Court's ENE order. *See* Docket No. 10 at 2.

want to "quibble" with the Court over the language provided in the ENE Order. Ms. Stephenson did not actually articulate how the language in the ENE Order was ambiguous on this point, and the Court fails to see any room for quibbling here. The ENE Order provides that, "[i]f any party is subject to coverage by an insurance carrier, then a representative of the insurance carrier with authority to settle this matter up to the full amount of the claim must also be present for the duration of the ENE session." As was made clear at the ENE session, Defendant Forman Automotive Group is subject to coverage by an insurance carrier. There are no exceptions to this order except by Court approval, which was neither sought nor given. Accordingly, a representative from the insurance carrier was required to attend the ENE session.

In responding to the order to show cause, Ms. Stephenson fails to provide further elucidation on her contention that the ENE Order does not require attendance by a representative from the insurance carrier. Her response provides that:

> Defendant had only received a pre-litigation demand from Plaintiff . . . Discovery was in progress by both sides, with some early discussions on the claims being made. However, Plaintiff had made no specific demand. Counsel mistakenly thought that the provision to have a representative with authority to settle up to the full amount of the claim be present would not apply, in light of the pre-litigation demand. However, counsel did have full authority to settle the case, based upon the evaluation of Mr. Weir's liability claim and discovery conducted before the conference, as was presented in Defendant's ENE statement.

Docket No. 14 at 1-2.[3] The Court fails to discern any connection between Plaintiff's pre-litigation demand and Ms. Stephenson's contention that the ENE Order's clear language regarding attendance by an insurance representative does not apply. Nor does Ms. Stephenson's contention that she had "full authority" satisfy the ENE order.[4] The ENE order plainly requires attendance by a "representative of the insurance carrier with authority to settle this matter up to the full amount of the claim." Without any coherent justification–let alone the "substantial justification" required to

---

[3] Ms. Stephenson clearly indicated that it is she, and not her client, to blame for failing to comply with the Court's order. *See* Docket No. 14 at 3.

[4] Although in no way dispositive, the Court notes that Ms. Stephenson's contention in this regard contradicts her statements during the ENE session at which she emphasized that she had only "some" authority.

avoid sanctions–for the failure to comply with a clear Court Order, the Court finds that sanctions are appropriate.

Courts have generally found an award of fees and costs appropriate in response to a party disobeying attendance requirements of proper representatives at court-ordered settlement conferences, *see, e.g.*, *Official Airline Guides*, 6 F.3d at 1396, and the Court believes that is the appropriate sanction here.[5]  Accordingly, Plaintiff shall submit a declaration of fees and costs in preparing for and attending the ENE session within seven days hereof.  At that time, the Court will set reasonable fees and costs to be paid by Ms. Stephenson.

## IV.     CONCLUSION

For the reasons discussed above, the Court hereby **DISCHARGES** the order to show cause as to Defendant and **SANCTIONS** Ms. Stephenson personally, pursuant to Fed. R. Civ. P. Rule 16(f), in the amount of Plaintiff's reasonable costs and attorney's fees incurred in preparing for and attending the ENE session.

IT IS SO ORDERED.

DATED:  February 26, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[5] As the Court finds the payment of fees and costs sufficiently addresses all issues raised in the order to show cause, it does not specifically address whether Defendant and its counsel appeared at the ENE session in good faith (*i.e.*, the second issue raised in the order to show cause).