1

2

3

4 **UNITED STATES DISTRICT COURT**

5 **DISTRICT OF NEVADA**

6

7  WILLIAM WEIR,                                          )
                                                          )
8                     Plaintiff,                          )      Case No. 2:12-cv-00746-MMD-VCF
                                                          )
9  vs.                                                    )      ORDER SETTING ATTORNEY'S
                                                          )      FEES PURSUANT TO COURT'S
10 FORMAN AUTOMOTIVE GROUP,                                )      FEBRUARY 26, 2013 ORDER
                                                          )
11                    Defendant.                          )
   _____              )

12

13          On February 26, 2013, the Court issued an order holding that sanctions of attorney's fees

14 shall be imposed on Marsha Stephenson personally. Docket No. 15. The Court has now received a

15 declaration from opposing counsel, Scott Olifant, seeking $930 in fees. Docket No. 18. Upon the

16 Court's review of the declaration, it finds that $840 is the appropriate amount of attorney's fees that

17 should be awarded.

18          Reasonable attorney's fees are generally based on the traditional "lodestar" method. Under

19 the lodestar method, the Court determines a reasonable fee by multiplying "the number of hours

20 reasonably expended on the litigation" by " a reasonable hourly rate." *See Hensley v. Eckerhart*,

21 461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable. *Cunningham v. County*

22 *of Los Angeles*, 879 F.2d 481, 489 (9th Cir. 1988).

23          The Ninth Circuit has "repeatedly held that the determination of a reasonable hourly rate is

24 not made by reference to rates actually charged the prevailing party." *Welch v. Metropolitan Life*

25 *Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (citation and internal quotations omitted). Instead, the

26 reasonable rate should reflect the "prevailing market rates in the relevant community." *See Blum v.*

27 *Stenson*, 465 U.S. 886, 895 (1984). In this case, Mr. Olifant indicates that his typical hourly rate is

28 $450 per hour, but he seeks to recover only $300 per hour. The Court, based its familiarity with

1   attorney rates in Las Vegas, concludes that a billing rate of $300 per hour is reasonable.

2        The Court must also ensure that the hours claimed by counsel were "reasonably expended."

3   *Hensley*, 461 U.S. at 434.  As applied to this case, the Court determines Mr. Olifant's reasonable

4   time expended in preparing for and attending the ENE session.  *See* Docket No. 15 at 1.  Mr.

5   Olifant's declaration indicates that he spent 3.1 hours preparing for and attending the ENE session.

6   *See* Docket No. 18 at ¶ 8.  Although the Court believes most of the time provided is reasonable, it

7   disagrees with respect to the time attending the ENE session itself.  In particular, Mr. Olifant

8   provides that he spent 1.5 hours "[a]ttending[ing] ENEC w/o transportation time."  *Id.*  By the

9   Court's record, however, the ENE session lasted approximately 1.2 hours.  Accordingly, the Court

10  will award 1.2 hours for the actual attendance time at the ENE session, which leaves 2.8 hours of

11  reasonable time expended in preparing for and attending the ENE session.

12       Accordingly, the lodestar calculation is 2.8 hours x $300, or $840.[1]

13       For the reasons discussed above, the Court **ORDERS** Ms. Stephenson personally to pay

14  $840 for Plaintiff's reasonable attorney's fees incurred in preparing for and attending the ENE

15  session.  Such payment shall be made within 10 days hereof.

16       IT IS SO ORDERED.

17       DATED: March 4, 2013.

18

19

20  _____
    NANCY J. KOPPE
    United States Magistrate Judge

21

22

23

24

25

26

27
    _____

28
    [1]  This is the presumptively reasonable amount of fees and the Court finds that other factors do
    not militate toward altering it.  *See Kerr v. Screen Extras Guild, Inc.*, 525 F.2d 67, 70 (9th Cir. 1975).